### EAST OHIO GAS CO v VAN ORMAN

Ohio Appeals, 5th Dist, Stark Co

Decided October 22, 1931

LEMERT, J.

We shall take up these claimed errors in the order in which they were presented to us. The first question presented is whether or not the doctrine of **res ipsa loquitur** applies in the instant case and whether or not inferences of fact predicated upon other inferences of fact are supported by the evidence. For a proper solution and determination of these questions reference is had to the **Brodbeck case, 114 Oh St 423,** and the case of **Sobolovitz v. Oil Co., 107 Oh St 204.** The Brodbeck case was also an explosion case. It concerned an explosion occurring in the cellar of the home of the plaintiff, but in that case the negligence was based on the failure of the gas company to maintain the gas fixtures in the cellar in proper condition, and in the fifth paragraph of the syllabus we note the following:

"Where it is claimed that a presumption of negligence arises from injury due to a defective appliance or an instrumentality, it must appear that such instrumentality is under the management or control of the defendant or his agents and servants."

This was the deciding point in that case, inasmuch as the gas company in the Brodbeck case did not exercise sole control and management of the gas fixtures. In the instant case the gas line in the street, from which it is claimed the gas came, that caused the explosion, was under the sole management and control of the plaintiff in error herein. Therefore it is obvious that any rule of law predicated upon the facts contained in the Brodbeck case would be inapplicable to the present case, as they are entirely dissimilar.

With reference to the argument of basing or predicating an inference upon an inference, we have in the instant case, as developed by the record, the following facts:

1. There was an explosion.

2. The presence of gas of some kind in the basement of the Harter home, coming through the opening around the water pipes leading in from the street, which gas was ignited and burned throughout the day following the explosion.

3. The presence of gas mains in the street containing gas.

4. As found by the jury, improper installation of the mains.

So the question arises, can the above facts be converted into a chain of reasoning by supplying inferences to fill the vacancies without violating the rule of **Sobolovitz v. Oil Co.,** which holds that one cannot predicate an inference upon an inference but must support such inference by such fact? To infer that the substance, which caused the explosion in the basement of the Harter home, was the same substance that caused the fire around the water pipes, we think it a permissible inference to infer that the substance which ignited at the opening of the water pipes came from that portion of the street surrounding the gas mains. By so reasoning, then we can meet the fact as found by the jury that due to improper installation of the said mains the gas pipes leaked. So that it is clear to us that once it was proved that the substance causing the explosion in the Harter home came from that portion of ground surrounding the gas mains of the gas company, that a jury would be warranted in inferring that the gas came from said mains and that the gas company was negligent in permitting it to do so. The gas mains in the street were under the sole management and control of the gas company, bringing

the situation squarely under the Brodbeck case as hereinbefore referred to.

It is also contended that the verdict is inconsistent with the special finding of fact, in that the jury, in the special finding, found that the gas company was negligent in improper installation of its said gas line. Written interrogatories were submitted to the jury in the court below by the defendant below, and the jury found that due to improper installation gas did escape from its line. The plaintiff below alleged in her petition that the defendant company was negligent in permitting gas to escape. The jury found in plaintiff's favor on this proposition and by way of answering said interrogatories said that it was caused through improper installation of the gas lines. If the gas company in installing the mains, and thereafter having complete control over them negligently permitted a leak to form, it would be negligence thereafter to permit such leak to continue and gas to escape through the same. Surely the plaintiff below could not be held to definite and certain knowledge of those facts which were peculiarly and solely within the knowledge of the plaintiff in error. To allow the contention of the gas company would be to inflict upon plaintiff the restrictions found only in the old common law method of pleading.

Another complaint made by plaintiff in error is, misconduct of plaintiff's counsel in that counsel brought the plaintiff into court when she was unable to come and unable to testify, claiming that this was done for the sole purpose of inflaming the minds of the jury. We find no error in this regard and no misconduct of counsel therein. The plaintiff below was entitled to be in the courtroom if she so desired, she being the plaintiff in the instant case.

Further question is made as to whether subsequent repairs on an instrumentality figuring in the explosion could be introduced in evidence. Plaintiff in error claims this was error. We think otherwise and hold that such evidence was properly admitted to show the control of the defendant over the instrumentality.

It will be noted in the defendant's answer filed herein that the defendant company admits that, on or about the 17th day of January, 1929, it maintained a gas pipe line in Greenwood Ave. S. W.; that about said date an explosion occurred in the residence of one Harter on said street, badly damaging said Harter residence. It is to be noted that the gas company admit that they maintain a gas pipe at said place but do not admit the control, supervision or ownership of said gas line, and we believe and hold that this evidence was permissible for the purpose of showing ownership and control of said gas line. We believe that said evidence was competent and admissible, referring to **17 Ohio Jurisprudence 163 and 164;** 13 C. C. 689.

Further complaint is made in the charge of the court as to the definition of preponderance of evidence. The court below said that

"Preponderance of evidence meant that evidence which in your judgment is more deserving of credence, which is more appealing to your minds as a determining factor in arriving at your conclusion than other evidence with which it may be compared."

This portion of the charge is unusual, but we do not believe it to be erroneous or prejudicially so.

Another contention made by the plaintiff in error is that the shock or fright of her injury must be accompanied by some contemporaneous physical injury before there can be a recovery.

We note on page 187 of the record, that as testified to by plaintiff, the explosion threw her over a chair and onto a table, injuring her back. So that if the jury believed this evidence, which no doubt they did, then we fail to see why this contention should be upheld. We note that the court said in its charge to the jury that

"You must find some evidence of a contemporaneous physical injury;"

further there is no minimum injury set by law which plaintiff below must suffer before she can recover; the slightest injury is sufficient; and the jury evidently found such an injury in the present case.

The only remaining contentions made by plaintiff in error are that the trial court in instructing the jury, in the general charge after argument, to the effect that the jury should consider only the law as given by the court and should not follow any presentation of legal questions by counsel, that the trial court in so doing deprived counsel for gas company of their right to comment upon the charges before argument given in response to their request and nullified the effect of comments already made.

The charges before the argument had already been presented when counsel arose to argue their case, and any comments by counsel upon the points of law contained in said charges would not be a presentation of legal questions. So that, in substance, it leaves in effect the statement made by the court to the jury, that they should con-

sider only the law as given by the court; and we believe that the foregoing was a correct statement by the court below.

Therefore, from a careful examination of the record in this case and of the errors complained of by plaintiff in error, we find that the plaintiff proved and made her case, and that the verdict of the jury was right, and we find no errors prejudicial to the rights of the parties hereto, and it therefore follows that the finding and judgment of the court below will be and the same is hereby sustained.

Exceptions may be noted.

SHERRICK, PJ and MONTGOMERY, J, concur.