## STANDARD OIL COMPANY v RYAN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11932.   Decided Feb 15, 1932

Holliday, Grossman and McAfee, Cleveland, and William C. Dickson, Cleveland, for plaintiff in error.

Knight and Miller, Cleveland, for defendant in error.

MAUCK, PJ, and MIDDLETON, J (4th Dist), and FARR, J (7th Dist), sitting.

558

MAUCK, PJ.

The question before the jury was an exceedingly close one. It was, however, after all, solely a question of which party had the right of way over the crossing.

The fact that the defendant was on the preferred highway did not give him an ab- solute right to that highway to the exclusion of the plaintiff. In **Heidle v Baldwin, 118 Oh St 375**, it is held that while the driver on the main thoroughfare has the preference as against one seeking to cross such thoroughfare the question whether the driver on the other highway is obliged to wait until the driver on the preferred high- way has passed, is a question for the jury, to be determined by it under all the cir- cumstances of the case. Applying this rule the Municipal Court was quite right in not directing a verdict for the defendant, and in not granting a new trial upon the weight of the evidence.

It is further claimed that the trial court erred in applying to the defendant the speed rules laid down for the operation of commercial cars in §7249 GC. The claim in this behalf is that commercial, as well as other cars, are subject only to the regu- latory provisions of §12603 GC, and that §7249 GC has been repealed by implication, or rendered inoperative by subsequently en- acted provisions of §12603 GC. The two sections do not conflict. They relate to dif- ferent subject matter. §7249 GC is in full force and the trial court did not err in instructing the jury as to the effect of the terms of that statute and the rights of the parties in the instant case.

There is an error in the record relating to the admission of evidence that we con- sider important. If this case were not such a close case upon the facts, a case in which a verdict for either party might have been rendered without surprise, we would hesi- tate to reverse the judgment upon this as- signment of error. We refer to the ex- clusion by the trial court of a written re- port made by the plaintiff, himself a police officer, to the police department of the city regarding this collision. The defendant desired to introduce this report as an ad- mission of the plaintiff against interest. That paper, signed by the plaintiff, contain- ed after "preliminary statement" these two sentences:

"I started to cross Woodland Avenue and saw a Standard Oil truck coming at a fast rate of speed and I applied my brakes when half way across Woodland Avenue. The pavement was icy and I slid into the side of said truck, which was unavoidable, caus- ing damage to my car and injuring myself."

The plaintiff had testified (page 91) that his car had not struck the Standard Oil truck at all; that it was the rear wheel of the truck that caught the plaintiff's car. It appears to us that the written state-

ment made by the plaintiff to the police department was to some degree inconsistent with his testimony in chief on the stand, and it was capable of the construction that the collision was unavoidable on the part of both parties, and that no negligence could be charged to either. We do not hold that that is necessarily the correct construction of the language, but it is a construction that the jury might well have given it. In a case of this kind where the only two witnesses to the collision were the plaintiff and the driver of the defendant's car the admission of this written report might easily have been the turning point in the case. The trial court excluded the report, evidently because it was believed that it was in part the expression of an opinion on the part of the plaintiff. We know of no reason why an admission against interest should not be received against the party making it, because there might be interwoven in it the opinion of the party. In this the case at bar must be distinguished from the cases where the opinions of an agent are held incompetent. The report, however, appears to us to be a statement of fact and not an opinion at all. It was competent testimony and should have gone to the jury.

The other questions argued do not appear to us to be important. None of them would justify reversal of the judgment.

For the reason that the court erred in rejecting the testimony referred to the judgment is reversed and the case remanded for a new trial.

MIDDLETON and FARR, JJ, concur.