## DEWERT v
## CINCINNATI MILLING MACHINE CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4213.  Decided Feb 20, 1933

Nicholas Bauer, Cincinnati, and Alfred Pfau, Cincinnati, for plaintiff in error.

Gatch, McLaughlin & Gatch, Cincinnati, and Bates, Stewart & Skirvin, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

The defendant company knew that there were workmen in the upper reaches of the mill room, among the metal frame work, and its duty was to use reasonable care to avoid injuring the workmen.

It is in evidence that the crane in moving on the tracks made a great deal of noise.

The plaintiff's evidence tended to show that the noise of the factory prevented the workmen from hearing the noise of the operating crane on the tracks.

The plaintiff's work in the place where injured was temporary, and plaintiff had nearly completed the work when injured.

It is suggested in the petition that defendant failed to sound a gong. We know of no rule of law, statutory or otherwise, which requires the sounding of a gong in mill operation. The duty was to use care not to injure the workmen.

It is in the evidence testified to by the plaintiff's employer and the Superintendent of the mill, that the painters, before going to work each morning, were instructed to watch carefully the operation of the crane.

The track being a tee-rail must have been apparent to anyone, including plaintiff, and it was also apparent that wheels were operated on the track, although the plaintiff testified he did not know the crane was operated on the track.

It is alleged in the petition that it was necessary for the plaintiff to hold to the track in order to perform his work. There was evidence to the contrary. There was evidence that the crane was in operation regularly, but plaintiff's evidence is to the effect that it did not operate on the day preceding his injury.

It is in evidence that the operator of the crane could not see the plaintiff in his location from his cab, and that he was at all times engrossed in watching on the floor of the mill to prevent injury to workmen connected with the mill.

The evidence is that plaintiff toward the finishing of his work reached down to paint the underside of a piece of metal frame work, and in reaching down took hold of the rail for support, and while in that position the crane came along, and ran over his fingers.

It is charged in the petition that defendant failed to have guards over the wheels to protect workmen who might take hold of the track. There is no statutory requirement that there be such guards, although evidence was given by the defendant that there were guards on the front wheels. It cannot be said as a matter of law that the defendant company should have anticipated that plaintiff would place his hand on the rail, and the jury could well find that the placing of his hand on the rail, under the circumstances, was carelessness on his part.

Enough of the salient points in the evidence have been stated to show that it was a question for the jury to determine whether or not under all the circumstances defendant exercised due care to prevent injury to the plaintiff, and as to whether or not plaintiff used proper care for his own safety.

We do not find the jury manifestly wrong in arriving at the verdict it did.

Error is claimed in the admission of testimony. This concerns the testimony of the defendant's witness, Dr. Charles Ervin. Dr. Ervin was employed by the defendant company in its emergency hospital, where Mr. Dewert was given first aid treatment. He was asked by the defendant's counsel whether he heard Mr. Dewert say anything with reference to any warning that had been given to him. The question was objected to by plaintiff's counsel, on the ground that any statement made by Dewert to Dr. Revin constituted a confidential communication from the patient to his physician. The objection was overruled, and the Doctor answered that Dewert stated: "It was his own fault; that he had no one to blame but himself; that he had been warned of the danger." This statement, if true, was a declaration against interest and pertinent. It was in no sense a confidential communication between patient and physician, for the reason that Dr. Ervin was not Dewert's physician. He was a physician employed by the defendant company, and all that he did was to render first aid to Dewert. There was no contract, either express or implied, creating the relation of physician and patient, between plaintiff and Dr. Ervin. That such contract is required is decided in the case of **Bowers v Santee**, 99 Oh St, 361. Moreover, the plaintiff offered himself as a witness and gave evidence generally and was cross-examined concerning his statements. This would constitute a waiver of any confidential relation, if any had existed.

Objection is made to Special Charge No. 2, requested by defendant and given by the court.

This charge is somewhat lengthy and emphasizes largely that no feeling of sympathy should prevail; and that no feeling of bias or prejudice should prevail, by reason of the fact that the defendant was a corporation. Had the court stated this in the general charge, no valid objection could have been made, and we see no reversible error in giving it in a special charge.

It is argued that the expression in the special charge "and other human emotions" is incorrect, since this would eliminate the element of pain and suffering. This phrase taken in connection with the rest of the charge clearly indicates it was used with reference to sympathy, bias, or prejudice, and not as reflecting on the measure of damages.

Plaintiff in error's objection to special charges Nos. 1, 5, and 6, requested by defendant, and given by the court, goes to the proposition that the word "contributed" should be preceded by the words "proximately" or "directly." The language is: "that if you find from the evidence that the plaintiff was negligent and that his negligence directly caused or contributed in the slightest degree to cause the injuries complained of, then your verdict must be for the defendant."

It is claimed by defendant that the word "directly" modifies both "caused" and "contributed." This language was not found to be erroneous in the case of **Barston v Craig, 121 Oh St, 371,** and we do not find the giving of it reversible error.

Special Charge No. 5 is objected to on the ground that it brought into the case an issue which is not in dispute, and this concerns "a failure to supply plaintiff with adequate equipment for his own safety." It is in evidence that plaintiff was an employee of Stegeman Brothers, independent contractors. This evidence would justify the court in charging the jury to the effect that the defendant was not responsible for equipment. This being true, no harm resulted from so charging.

This answers the objection to defendant's special charges Nos. 3 and 4.

Our conclusion is that the case was fairly submitted to the jury, and that no prejudicial error resulted.

The judgment is affirmed.

CUSHING and ROSS, JJ, concur.