## HUGHES v HANSELMAN

Ohio Appeals, 1st Dist, Hamilton Co

No 4238. Decided March 6, 1933

plaintiff in error.

Dolle, O'Donnell & Cash, Cincinnati, for defendant in error.

HAMILTON, PJ.

John P. Strother, Cincinnati, and Shook, Davies, Hoover & Beall, Cincinnati, for

The specifications of error are: That the verdict is against the weight of the evi-

dence; the admission of a certain written statement of Hughes, made about twenty-one days after the accident; and, error in the charge of the court.

We will first consider the question of the admission of the written statement, since this evidence, if properly admitted, would weigh heavily against the plaintiff in the consideration of the case by the jury. The statement was reduced to writing and was signed by Hughes some twenty-one days after the accident. The substance of the written statement was the relating of the circumstances attending the accident. Following the detailing of the circumstances surrounding the accident, the statement proceeds: "Frank Hanselman was not responsible for the accident in any sense of the word. I do not think he is at fault for what happened. * * * I have read the above statement consisting of two pages and it is true. (Signed) Glenn H. Hughes."

The statement was first presented by counsel for defendant to Hughes, for the purpose of identification. Hughes admitted the signing of the paper.

At the close of all the evidence, the record discloses the following:

"Mr. Cash: We will offer in evidence this paper which has been identified by Mr. Hughes as signed by him.

Mr. Strother: We object to this statement.

The Court: On what ground?

Mr. Strother: We would like to have a separate hearing as to the circumstances under which it was taken and I think the hearing should be in the absence of the jury, if it is what I think it is. I have never seen it.

(The following proceedings were conducted at the court's desk not in the hearing of the jury).

The Court: Have you read the document, Mr. Strother?

Mr. Strother: Yes, we would like to introduce some evidence in the absence of the jury on the ground that that statement was taken as a part of an effort to compromise.

The Court: Without reading it, is there anything on that subject in the paper, Mr. Strother?

Mr. Strother: No.

The Court: Well then the court overrules the objection.

Mr. Strother: We except and I want to make a proffer into the record.

The Court: That is not necessary.

(Said paper admitted in evidence, marked Ex. 2, it being hereto attached and made part hereof).

(The following proceedings were within the hearing of the jury).

The Court: Do you intend to read it?

Mr. Cash: The defense rests, if Your Honor please.

The Court: Is there any rebuttal evidence?

Mr. Strother: The plaintiff closes."

It is contended by plaintiff that when the paper was signed by Hughes, Hughes was lying helpless in a cast, and was in a shocked and nervous condition, and it is further suggested that the paper was signed in an effort to compromise the case.

The paper is a declaration against interest. However, there is nothing in the paper writing to show it concerned any attempt to effect a compromise. Even if there were some negotiations in an attempt to compromise, the paper would still be admissible as a declaration against interest. The declaration was an independent admission of distinct and independent facts concerning the accident. The rule is stated in 16 Cyc., page 950, as follows:

"Statements of fact independent of the concession involved in an offer to compromise are competent as admissions, since they are supposed to have been made because of belief in their truth. Although such statements directly relate to a compromise offer, or were made pending compromise negotiations, or at an interview during which the terms of a compromise were discussed, or probably would not have been made at all except upon the assumption that they would facilitate a settlement, they are nevertheless admissible."

See also: **Stillwater Turnpike Co. v Coover, 25 Oh St, 558.**

It is claimed, however, that the court should have heard evidence, in the absence of the jury, on the question of admissibility.

If the question was one of the competency of the paper and not the weight to be given to it, counsel for plaintiff in error would be correct. That such declarations, however, are competent is decided in the case of **DeGroodt, Exrx., etc., v Skrbina, Admr., 111 Oh St, 108.** That case was a personal injury case. The second paragraph of the syllabus is as follows:

"An offer of money, made by a defendant to a witness for the purpose of influ-

encing her attitude as such, is competent testimony against the defendant, and may be introduced by the plaintiff as a part of his case."

In the DeGroodt case, the court held that such declaration against interest could be offered in evidence in chief by the plaintiff. In the case under consideration, the evidence was offered by the defendant as a defense to the case. It was subject to rebuttal. Upon being admitted in evidence, before the jury, counsel for defendant might have offered evidence tending to show circumstances which would minimize, if not wholly destroy any weight to be given to the declaration.

The admission of the declaration was a discretionary matter with the trial court. The trial court might have heard evidence, in the absence of the jury, to determine the probative force of the declaration, and the circumstances under which it was made, and upon that preliminary hearing might have rejected the statement. The determination as to whether or not the court erred in the admission or rejection of the statement would be a question of abuse of discretion.

The admissibility being discretionary with the trial court, the court exercised that discretion by admitting the paper writing, and, as above stated, it was then the opportunity of counsel to present his evidence in rebuttal. The plaintiff was given his opportunity, as shown by the record, where, at the close of the case, the court asked plaintiff if there was any rebuttal evidence. The answer was: "The plaintiff closes."

This court cannot say that the court abused its discretion in admitting the declaration.

We, therefore, find the court did not err in admitting the written statement of plaintiff as a declaration against interest.

It is suggested that the true rule in negligence cases, where the action is brought by a guest riding without pay, is that the guest assumes all risk of the operation of the car except wilful and wanton negligence on the part of the driver. It is argued that this is the rule in many of the states, notably Massachusetts, Georgia, New Jersey, Washington, and many others. The Supreme Court of Ohio in the case of **Union Gas & Electric Co. v Crouch, a minor, 123 Oh St, 81,** made some observations that indicate there was a disposition on the part of the Supreme Court of Ohio to hold such to be the true rule. The Supreme Court has

not directly decided this question. We, therefore adhere to the rule of ordinary care in an action by a guest rider.

Complaint is made of the refusal of the trial court, after the general charge, to give a special charge, brought to its attention by counsel for plaintiff in error, the plaintiff below, and in its manner of charging on contributory negligence. The trial court in the general charge had stated to the jury:

"It was likewise the duty of the plaintiff to exercise reasonable care for his own safety. The defendant alleges that the plaintiff acquiesced in what the defendant did at the time, that is that he remained passive and did nothing to avoid whatever danger there was impending from the conduct of the defendant and the surrounding circumstances. Now it is for you to determine whether the conduct of the plaintiff in that respect was or was not the exercise of reasonable care for his own safety."

Whereupon, counsel for plaintiff, plaintiff in error here, Mr. Strother, stated:

"I would like to ask the court to charge that as to the relation of a guest, that it is not necessary for an occupant of a machine, owned and driven by another, to keep remonstrating or interfering with the driver or instructing the driver as to how the machine should be operated, for it is obvious that such interference more often will result in injury than in prevention."

This request the court properly refused to give. The request is mere argument as to conduct, and is an attempt to partly describe or partly lay down a rule of conduct constituting reasonable care. The rule is, that the duty of the plaintiff is to exercise reasonable care for his own safety. Reasonable care is, what a reasonable person would do under the same or similar circumstances. For the court to tell the jury that certain acts or conduct would or would not be reasonable, would be error. The court had already correctly stated the rule as to the duty of plaintiff to exercise care for his own safety.

We do not find the verdict and judgment against the weight of the evidence. The facts were for the jury, and were determined by it under a proper charge of the court. As we view it, the proof shows the defendant to have been unskillful rather than negligent in endeavoring to get the car up on the hard surface of the road.

Up to this point, the evidence of the plaintiff is that defendant had driven the car in a perfectly satisfactory manner.

We find no prejudicial error in the record, and the judgment will be affirmed.

CUSHING and ROSS, JJ, concur.

Leo J. Brumleve, Jr., Cincinnati, for plaintiff in error.