**RAILE et v CLAY, Gdn**

Ohio Appeals, 2nd Dist, Darke Co

No 426. Decided July 21, 1933

John F. Maher, Greenville, for plaintiff in error.

L. E. Kerlin, Greenville, for defendant in error.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on proceedings in error from the judgment of the Common Pleas Court of Darke County, Ohio.

In the court below the parties appeared in reverse order and for convenience we will refer to Helen Clay as plaintiff and Raile & Morrison as defendants. We are favored with very full and comprehensive briefs of counsel representing the respective parties as well as the written opinion of the trial court overruling the motion for new trial.

In the court below the jury returned a verdict in favor of the plaintiff in the net sum of $3,000.00.

The petition in error sets out 15 different grounds of error. It will not be necessary to discuss these in order or in detail; many will be grouped and only such others referred to in which we find probable error.

We are constrained to the belief that the verdict of the jury is against the manifest weight of the evidence and consequently major attention will be given to the facts and germane law impelling this finding.

The cause of action in the court below of the plaintiff, Helen Clay, was for personal injuries growing out of an automobile collision at road intersections outside of a municipality in Darke County, Ohio. The plaintiff was riding in the front seat

of a Ford car being driven by one Harold Bloomenstock, a young man to whom the plaintiff at that time was engaged and afterwards married. The rear seat of the car was occupied by another engaged couple, Roscoe Stutz and Doris Saylor, now intermarried. Immediately preceding the accident this car was being driven in a northerly direction and according to the occupants of the car at a speed of 30 to 35 miles per hour. They approached an intersecting road without slackening their speed and ran into the gasoline truck of the defendants, hitting the same about the center, knocking it off the road and overturning it. The Ford car in which plaintiff was riding did not leave its wheels. Plaintiff was injured by being thrown forward into the windshield and was cut and bruised. The major injury being a cut in the arm which has caused a permanent injury to that member.

The defendants' gasoline truck was being driven by one Dorsey Buyers, an employee and at the time of the collision was more than halfway through the intersection. The evidence in the case being that the center of the truck was very near the center of the road being crossed. Neither of these intersecting roads were main thoroughfares as referred to in §6310-30 GC. Neither road as such held right of way rights over the other. §6310-28a GC is the controlling right of way statute and reads as follows:

Sec 6310-28a GC:

"Excepting where otherwise hereinafter provided the operator of a vehicle shall yield the right of way at the intersection of its path and the path of another vehicle to the vehicle approaching from the right."

Under the evidence and by virtue of the statutory provision above quoted, the driver of the gasoline truck had the right of way.

The legal effect of this situation will be discussed later.

It is plaintiff's claim that the defendant was negligent in the operation of the gasoline truck in the following particulars:

Failure to keep the proper lookout as the driver approached the intersection.

That he failed to slacken his speed.

That he was operating his truck at a high and dangerous rate of speed under the circumstances.

That he carelessly drove onto the intersection in the path of the automobile.

That he was negligent in that he permitted the truck to remain in the intersection.

Other than the testimony of Dorsey Buyers, the driver of the truck, there is not a scintilla of evidence as to the conduct of the driver, the speed of the truck or any other fact relative thereto prior to the time that it entered the intersection.

The evidence discloses that farm buildings, orchard and shrubbery to the southeast of the intersection obstructed the view so that neither of the occupants of the two vehicles could see the approach of the other, except a far distance back and immediately upon entering the intersection. The driver of the gasoline truck says that before he reached the point in the road where the buildings, orchard and shrubbery obstructed his view, he looked to the south and saw no traffic approaching; that previous to that time he had been driving about 35 miles per hour; that he slowed down his truck and entered the intersection at a speed of approximately 10 or 15 miles per hour. The driver of the Ford car, in which plaintiff was riding, did not slacken his speed until he saw the truck in the intersection ahead of him and about 20 feet away. The other occupants of the car did not see the truck until later. The driver of the Ford car was not inquired of and gave no evidence as to the speed or operation of the gasoline truck except that it swerved to the north and this would be a very natural thing to do in view of the impending danger of collision. Both the plaintiff and other girl occupant was inquired as to speed and operation of truck, but had no knowledge on the subject. The other occupant of the car, Mr. Roscoe Stutz, did not see the gasoline truck until within about 2 feet of it and gave as his judgment that it was moving at about the same speed or faster than they were.

In rebuttal, plaintiff presented the evidence of two or three witnesses as to statements made by the driver of the gasoline truck the day following the accident. This evidence was introduced as impeaching testimony and could be considered for no other purpose. It can not be considered as substantive evidence supporting any of plaintiff's claims. It would go to the credibility of the witness, Buyers and no further. Furthermore, we might say even if Buyers did make the statements as claimed and, if true, it would not alter our conclusions.

Plaintiff in her petition alleges that the highway upon which the vehicle in which she was riding was traveling was a main market road and the road upon which the driver of the gasoline truck was traveling was a township road. As heretofore stated, the evidence fails to sustain her contention

in this particular. If she had sustained this allegation by any evidence, then we would have an entirely different situation.

After a very careful and full examination of the record we are unable to find that the plaintiff has sustained the burden of proving negligence against the defendants.

It is our conclusion that the greater weight of the evidence establishes that the sole proximate cause of the accident was the negligence of the driver of the Ford car.

The very recent case of **Morris v Bloomgren** appearing in the **Ohio Law Bulletin and Reporter,** under date of **June 26, 1933, at page 204,** is determinative of the questions here involved. The cases of **Heidle v Baldwin, 118 Oh St, 375,** and **Candy Company v Kling, 121 Oh St, 362,** are disapproved and overruled. The fifth syllabus is particularly in point: "The driver of a vehicle lawfully approaching from the right has the right to assume that the driver of a vehicle approaching from the left will obey the law by yielding the right of way." Applying this principle we find that this is actually what the driver of the oil truck did.

The latter paragraph in syllabus five does not change the situation, since the driver of the oil truck was well in the intersection before he discovered the approach of the Ford car, and under the facts as disclosed from the evidence there was nothing that he could have done to have avoided being struck. In the first syllabus attention is called to §§6310-28 and 6310-28a GC and the proper construction that is to be given to these two sections. It is stated therein that those two sections "construed together confer an absolute right of way upon the vehicle approaching from the right, qualified only by the requirements that in proceeding uninterruptedly it must proceed in a lawful manner."

Applying this principle to the instant case, there is an absence of the requisite proof that the driver of the oil truck was proceeding in an unlawful manner.

There is a well recognized principle of law that where there is an obligation to look, the looking must be done when it will be effective. The driver and all other occupants of the Ford car knew that they were approaching this intersecting road and the driver of the car was bound to know the legal requirement to yield to a car approaching from the right. Highways are for the use of vehicular traffic and it is to be anticipated that other automobiles will be operating on intersecting roads. If the driver of the Ford car could not see to

his right on this intersecting road by reason of buildings, trees and shrubbery, greater precaution is demanded in order to insure the safety of the occupants of his car and all others lawfully using the highways. The fact that he did not know that the oil truck was approaching and intending to cross the thoroughfare upon which he was operating his car would be no excuse. Counsel for plaintiff urge that the negligence of Bloomenstock can not be imputed to her and this principle of law is recognized. However, the principle is not applicable for the reason that we are unable to find from a preponderance of the evidence that the driver of the oil truck was guilty of any negligence. We are unable to find by the requisite degree of proof that he did anything or failed to do anything contrary to the prescribed rules of the road or what the ordinarily prudent person would have done under the same or similar circumstances. When he arrived at this intersecting road he had a right to cross it. It would have been his duty to yield to any traffic approaching from his right and in such close proximity that he could not, in the exercise of ordinary care have crossed ahead of it. As against traffic approaching from his left he had a right to assume that they would approach the intersection in a lawful manner. He was at the intersection ahead of the Ford car and started across before the Ford car reached the intersection. Under the state of facts disclosed the driver of the Ford car could not have any possible ground to believe that the oil truck was so far distant from the intersection that he could safely cross in advance of it.

There is considerable testimony in the record tending to show that the driver of the truck gave no signal whatever as he approached the intersection, but even if this could be considered as a basis of a finding of negligence, yet there is no such specification in the petition. Likewise there is no allegation which brings in the application of §12603 GC respecting the reasonableness of the speed at which the driver of the truck was operating at and prior to the collision. The rate of speed however, was properly admitted as tending to prove negligence under the general allegations of the petition "that he was operating his truck at a high and dangerous rate of speed under the circumstances."

Aside from the testimony of the driver of the truck, there is no evidence presented relative to the speed at which he was operating the gasoline truck save and except that of the witness Stutz, one of the

occupants of the Ford car. He says that he did not see the truck until within two feet of it and that in his judgment it was moving at about the same rate of speed they were. It is very hard to understand how this witness could exercise any judgment or have any opinion as to the speed of the truck if he did not see it until within two feet of it and immediately before the crash.

It is our conclusion that a new trial should be granted.

Since this cause may be retried it is proper to make some observation on other claimed errors. These will be dealt with very generally and briefly. Objections and exceptions are shown in the record on the introduction of testimony. This particularly refers to the testimony of witness, Horn. In view of the pleadings, we can understand that the court could very properly admit this evidence but in view of the subsequent developments it was not germane to any issue in the case. The question of which road carried the greater amount of traffic is in no sense controlling in determining the question of main thoroughfares. Furthermore, there was no evidence showing any other traffic on either highway at or near the time of the accident.

Objection is made as to language used in special requests in that it is claimed that it would convey the information to the jury that the injuries were greater than the $3,000.00 which the plaintiff had received from an insurance company on a policy held by the father of the driver of the Ford car. The same objection is also made to similar remarks made by the court in the general charge. Under the verdict of this case the language might not be held to be prejudicial but it is subject to objection which can be obviated if the case is again tried.

The plaintiff's special charge No. 1 is particularly objectionable in that it took as a premise the statement that what had theretofore been paid by reason of damages of the plaintiff was but partial compensation.

The misconduct of the juror, John L. Morgan need brook no comment other than to say we find nothing in the record supporting the claim. The affidavit of counsel in support of his motion for new trial is not sufficient.

It is also claimed that the court did not charge on the question of contributory negligence. The issue of contributory negligence was not raised by the pleadings. However, it is the law of this state that if it is raised through the evidence it is the duty of the court to charge. The leading case on this subject is Railway Company v Wykle, 122 Oh St, 391. A very recent case will also be found decided by the Hamilton County Court of Appeals, Hughes v Hanselman, 185 NE 852, (14 Abs 370). In the instant case the defendant introduced no evidence but there is a very serious question if the defendant, through her admission that she knew of the existence of this cross road, did not bring herself within the provisions of the above cited cases. Safe procedure would suggest that it be charged.

Reference to insurance is another claimed ground of error. We do not think there was any error in this particular. First for the reason that the record discloses that the subject was brought into the record through interrogation of counsel for defendant in support of one of the grounds of defense that the claim had been settled. Second, regardless of this question the fact that an insurance company had paid by reason of the negligence of the driver of the Ford car could not be prejudicial to the defendant in this action. In reality the only question for determination was whether or not the plaintiff had been paid in full for her damages. Defendant sought to present to the jury that the payment had been made by the father and the driver of the Ford car. It would not be prejudicial to show the fact as to who paid.

The rule preventing reference to insurance companies only refers to situations where the insurance company is in fact defending or in fact will pay the judgment, if any, obtained against the defendant. The theory is that jurors are likely to be influenced by this fact.

Entry may be drawn in accordance with this opinion remanding the case for new trial at costs of defendant in error.

Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.