## HATTER v McMUNN

Ohio Appeals, 9th Dist, Summit Co

No 2383. Decided Feb 26, 1935

Waters, Andress, Wise, Roetzel & Maxon, Akron, for plaintiff in error.

Ernest E. Zesiger, Akron, for defendant in error.

## OPINION

By FUNK, PJ.

Counsel for defendant complains of nine errors in the trial court prejudicial to de-

fendant, four of which pertain to the charge. We will discuss said claimed errors in the order set forth in defendant's brief.

1. Said counsel claim the trial court erred in admitting testimony of the witness Englehart as to a conversation he had with the defendant at the hospital some days after the accident.

The witness Englehart testified that defendant said that he had on his golf shoes and that "his golf shoes interfered with his driving" and that defendant further said "that it was his fault."

The contention of counsel is that the admission of the testimony that defendant said "that it was his fault" is hearsay evidence expressing a conclusion and not a fact, and is therefore inadmissible and that its admission constitutes prejudicial error.

We cannot agree with this contention.

We think this testimony was clearly competent as an admission against interest, under the circumstances in which the statement was claimed to have been made and under the rule followed by the Ohio courts.

15 Abs 268, Dewert v Cincinnati Milling Mach. Co.

12 Abs 557, Standard Oil Co. v Ryan.

44 Oh Ap 516, (14 Abs 370), Hughes v Hanselman.

111 Oh St 108, DeGroodt, Exrx v Skrbina, Admr.

22 C. J., "Evidence," §209, p. 232.

2. It is claimed that the court erred in commenting on a request to charge given before argument. The request and what the court said appears in the record as follows:

"The Court: The court will give this. I will instruct the jury at this time as part of the entire instructions which will be later given. That if you find from the evidence that the plaintiff's own negligence directly caused or contributed in the slightest degree to cause the injuries complained of, then your verdict must be for the defendant. I will fully explain that just a little later."

"Mr. Hutchison: Note an exception to the comment of the court."

It is not claimed that the court did not give the instruction as requested. The only claim is that it was error for the judge to say, just following the requested instruction, that he would "explain that just a little later."

There is nothing in the language itself that either modifies, qualifies or explains the request. While it is settled that the

trial court may not change a requested instruction before argument and must either give it or refuse to give it without modification, it is just as well settled that the court may, in the general charge, explain or enlarge upon a requested instruction given before argument.

We therefore do not think that the mere statement by the judge that he would explain the requested instruction later was prejudicial error in the instant case, when considered in connection with the general charge.

Counsel for defendant further argue that paragraph 5 of §11420-1 GC is qualified by paragraph 7 of said section.

In the case of Pratt v Byers, 41 Oh Ap 112, (11 Abs 514) was held that paragraphs 5 and 7 are separate and distinct; that paragraph 5 pertains to instructions before argument, while paragraph 7 pertains to instructions after argument and does not qualify or control paragraph 5. We agree with that holding.

3. Counsel for plaintiff waived the opening argument. Counsel for defendant then requested that counsel for plaintiff in his closing argument be limited in rebuttal argument to the argument of defendant, which the court refused to do.

While the general rule and the better practice is that when plaintiff has the advantage of an opening and closing argument, he should confine the closing argument to rebuttal, the trial court has much discretion in that matter; and as the argument in the instant case was not made a part of the record, we cannot say that what counsel for plaintiff said in his closing argument was prejudicial.

4. Counsel for defendant claim that "the court erred in failing to avert the effect of the misconduct of counsel for plaintiff which occurred during argument" when counsel for plaintiff made reference to a situation or circumstance of which it was claimed there was no evidence.

Under the record in this case, we cannot say that there was reversible error in this particular.

5. Counsel contend that there was prejudicial error in the general charge in four particulars.

One claim is that "the court committed prejudicial error in commenting upon the evidence" pertaining to home brew or beer being found in the automobile of plaintiff. It is contended that the defendant was entitled to have this evidence go to the jury for the purpose of affecting plaintiff's credi-

bility, especially since it was illegal, at that time to transport beer and defendant had at another trial denied he had beer in his automobile.

It will be observed that the court limited the relevancy of said evidence concerning beer to the question of whether plaintiff was driving while intoxicated only so far as the negligence of plaintiff was involved. In other words, what the court said was merely limiting the evidence to a particular purpose—to-wit, driving while intoxicated— as having a bearing on the negligence of plaintiff, rather than what would be classed as commenting on the evidence.

It will be noted that this instruction came at the end of the general charge, after the court had asked counsel if there was any further instruction desired, and there was no special exception to it. The only exception was the general exception to the charge. Under all the evidence in this case, and there being no claim that the plaintiff was intoxicated, and no request that the court instruct the jury that said evidence might be considered for the purpose of affecting the credibility of plaintiff, we think that what the court said on this subject was not prejudicial error.

Another contention is that the court erred in its instruction to the jury as to the meaning of "preponderance of evidence." The court told the jury that—

. "By 'preponderance of the evidence' is meant the evidence that you in your jury room, considering the evidence and weighing it, conclude is the evidence that you believe and that influences your mind in arriving at the conclusion you reach."

Although this language is used in Kinkead on Instructions to Juries, part II, page 1467, §1725, and has been used with approval in some parts of the state, a somewhat similar charge was held to be erroneous in the case of **Cincinnati Gas & Electric Co. v Coffelder,** 11 C.C. (N.S.) 289, at p. 290, which was affirmed without opinion in 83 **Oh St 511.** A similar instruction was held not prejudicial error in the case of **East Ohio Gas Co. v Van Orman, 41 Oh Ap 56,** (11 Abs 391) at p. 62.

In the case of **Bolsinger, Admr. v Halliday, 4 Oh Ap 311, at pp. 324-325,** it is pointed out that preponderance of the evidence has to do with the quantity, amount or weight of evidence necessary to sustain an allegation.

· In the case of **Travelers Ins. Co. v Gath,**

**118 Oh St 257,** at p. 261, while Judge Marshall in the opinion said that—

"This court has steadfastly adhered to the rule established by courts generally that a preponderance of evidence means the greater weight of evidence. This rule is plain and simple and involved in no difficulty. Any person of sufficient intelligence to qualify as a juror at all should be able to apply such a rule without further instruction. The greater weight may be infinitesimal, and it is only necessary that it be sufficient to destroy the equilibrium"—

the court held that—

"1. An instruction to the jury upon the subject of the preponderance of evidence which states that the 'evidence preponderates in favor of the disputed proposition when that offered for and in behalf outweighs or is more satisfactory to your minds than that offered to the contrary' is not reversible error."

It will be thus noted that, while it is proper and sufficient to state that a preponderance of the evidence means the greater weight of evidence, other and more extended statements as to its meaning, or even no instruction at all defining it, are not necessarily prejudicial error. See also 1 Blashfield's Instructions to Juries (2nd ed.), page 622, §§287 and 288.

It is to be further noted that immediately following the instruction complained of in the instant case, the court instructed the jury as to the meaning of the "weight of the evidence," concerning which there is no complaint. Considering the instruction complained of in the light of what the court said about the weight of the evidence and the charge as a whole, we find no reversible error in this instruction.

Another claimed error in the charge is concerning the rules of the road.

If the part of the charge quoted by counsel in their supplemental brief were all that the court had said on the subject, there might be some question as to its being prejudicially erroneous, but when it is considered in connection with what the court said concerning §6310-1, GC, relating to motor vehicles displaying lights, and §6310-7, GC, relating to vehicles keeping on the right side of the highway and observing the speed law, it seems apparent that those were the only rules to which the court, in charging upon the rules of the road, referred, and that the charge was conse-

quently not prejudicial error, even though not stated as definitely and succinctly as it could have been stated.

We come now to the last and most difficult question raised by counsel as to error in the general charge. It has to do with the instructions pertaining to contributory negligence.

The court having instructed the jury that if they found that defendant was not negligent, or if they should find that he was negligent and that his negligence contributed to cause the injuries to plaintiff, and if they also found that plaintiff was negligent and that his negligence also contributed to cause his injuries, then their verdict should be for the defendant, but that if they found that there was no contributory negligence on the part of plaintiff and also found that the negligence of defendant alone caused the injuries to plaintiff, then their verdict should be for plaintiff, and the court having further told the jury that, to entitle the plaintiff to recover, the burden of proof was upon the plaintiff to show, by a preponderance of the evidence that defendant was negligent, that defendant's negligence was the proximate cause of the injury to plaintiff, and the amount of the damages sustained by the plaintiff, the court then instructed the jury, as shown on page 138 of the record, as follows:

"The defendant in this case says that if it should appear that he was in some manner negligent he avers that the plaintiff was also negligent which negligence contributed proximately to the injury. As a matter of law I say to you that if you find by a preponderance of the evidence, and the burden is upon the defendant to establish by the preponderance of the evidence this allegation of contributory negligence, that that contributory negligence—that if you find that the plaintiff was negligent and that negligence proximately contributed to the injury of which he complains, that would be a complete bar at law to his recovery and he wouldn't be entitled to recover. —

"In other words, the negligence of a party in this case—either party in this case, if their own negligence was a contributing cause, and I will presently define what I mean by proximate cause—to the injury of which either party complains, that his own negligence in law is a bar to recovery, that it precludes recovery. And in this case the burden of proof in supporting, in so far as the allegation of contributory negligence on the part of the defendant is concerned,

rests upon the plaintiff to establish by a preponderance of the evidence test as I have already stated it to you."

It will be remembered that the defendant not only plead a general denial and contributory negligence on the part of the plaintiff, but also filed a cross-petition for personal injuries and damages to his personal property, which thereby also placed in issue the sole negligence of plaintiff.

It will be noted that the above-quoted part of the charge not only placed the burden on the defendant to prove contributory negligence on the part of plaintiff, but also placed the burden on plaintiff to prove contributory negligence on the part of defendant as a part of plaintiff's duty to avoid liability to defendant on his cross-petition.

It is contended that, as the court failed to qualify the above quoted charge by further instructing the jury that if the evidence on behalf of the plaintiff raised a presumption of negligence on his part, it was his duty to counter-balance or dispel such presumption before he was entitled to recover, it was error prejudicial to the rights of defendant even though the defendant filed a cross-petition and the court placed the same burden upon plaintiff in reference to defendant's cross-petition.

Of course, the defendant cannot complain of the converse of the proposition, which placed on the plaintiff the whole burden of proving contributory negligence so far as defendant's cross-petition was concerned.

The instruction hereinbefore quoted would probably have to be held to be prejudicial error in most cases and under ordinary circumstances. However, the facts and circumstances and record in this case are most unusual, for the reason that there is no evidence either on behalf of plaintiff or defendant warranting even an inference of any contributory negligence on the part of plaintiff.

The testimony of the defendant is that he (defendant) was on his right side of the road and that plaintiff was also on his right side of the road when defendant saw plaintiff about 100 feet away while they were traveling in opposite directions, and that he (defendant) does not know what happened or how the accident occurred; and there is no evidence of any kind in the record that plaintiff's automobile was at any time on the south or wrong side of the road immediately prior to or at the time of the accident.

All the evidence, both oral testimony and physical facts, shows the two automobiles on the north side of the road at the time of the collision, and that that is where the two automobiles were immediately following the collision, and where they were when pulled apart.

While the rule is that the burden is upon the defendant to prove contributory negligence on the part of plaintiff by a preponderance of the evidence, with the qualification that if the evidence adduced on behalf of plaintiff raises a presumption of negligence on the part of plaintiff he must counterbalance or dispel it before he is entitled to recover, that qualification has no application when there is clearly no evidence to support any such situation; for under such circumstances no such presumption of contributory negligence on the part of plaintiff could exist, and it surely is not error for the court to fail to instruct the jury concerning a situation that is not present in the particular case.

We are therefore of the opinion that, under the state of the record in the instant case, the instruction as given was not and could not have been prejudicial, and that substantial justice was done, and that this is especially so since each party alleged in his pleading that the collision was proximately caused by the sole negligence of the other party and since the court throughout the charge seemed to emphasize the instruction that if the jury found that either party was negligent and his "negligence proximately contributed" to cause the injuries of which he complained, such party would not be entitled to recover.

As to the claim that the verdict is against the manifest weight of the evidence, we find no merit in this claim; in fact, if the verdict had been for defendant and the plaintiff were prosecuting this error proceeding, we would feel constrained to reverse the judgment as being against the manifest weight of the evidence.

Being unanimously of the opinion that substantial justice has been done, the judgment is affirmed.

STEVENS and WASHBURN, JJ, concur in judgment.