## MALONE v INDUST. COMM.

Common Pleas Court, Hamilton Co.

No. A-68935. Decided Sept. 24, 1940.

Davies, Hoover & Beall and Samuel Plotnick, Cincinnati, for plaintiff.

Thomas J. Herbert, attorney general, Columbus, and Edward A. Schott, special counsel, Cincinnati, for defendant.

### OPINION

By MACK, J.

Plaintiff's motion for a new trial is grounded upon alleged error of the court in permitting the introduction by defendant of the testimony of Dr. H. H. Schulze over the objection of plaintiff that said evidence should have been excluded as privileged under the provisions of §11494 GC. We thoroughly agree with the argument that the introduction of such evidence, if competent, was so prejudicial to plaintiff as to require a new trial.

Dr. Schulze was a physician employed and paid by Malone's employer, The Williamson Heater Company. He examined and treated plaintiff's deceased son professionally immediately following his collapse and in his opinion deceased's disability consisted of acute indigestion solely with no contribution from heat exhaustion.

In overruling the objection to the introduction of the doctor's testimony the court stated that in his opinion Dr. Schulze was not the physician of the deceased employee.

In Jones on Evidence, 4th Ed., page 1374, the following rule is stated:

"The privilege of exclusion does not exist, according to many authorities, where it appears that the physician was acting in the discharge of duties for some other person—for example, where he conducted an examination at the instance of the adverse party or by direction of the court in order to ascertain the physical or mental condition of the person for the purposes of trial. However, the protection of the statute may be invoked if the physician actually treated the patient, whether he was employed by the patient or by some other person."

That a physician employed and paid by the employer, in the treatment of an injured employee, is the physician of such injured employee, although payment for the services of such physician is made by the employer, seems to be almost universally established in this country. C. H. & D. R. R. v Gross, 186 Ind. 471; Obermeyer v Lageman Company, 120 Missouri App., 59; Roberts v Hennessy, 191 Iowa 86; Union Pacific Railway Co. v Thomas, 152 Fed. 365; Colorado Midland Railway Co. v McGarry, 41 Colorado 398; Battis v Chicago Railway Co., 124 Iowa 623; Epstein

v Penn. R. R. Co., 250 Mo., 1, Holtzen v Missouri Pacific R. R. Co., 159 Mo. App. 370; Cohodes v M. & M. L. & T. Co., 149 Wisconsin 308; Yazoo, etc. Valley R. R. Co. v Messina (Miss.) 67 So. 963; L. & S. I. Traction Co. v Smeed, 49 Ind. App. 16; Kansas City Southern R. R. Co. v Miller, (Ark.) 175 S. W., 1164.

Cases collected note 16 L. R. A. (N.S.) 889.

In 28 Ruling Case Law 540, the rule is thus stated:

"So long as the physician acted in a professional capacity and obtained information for the purpose of prescribing for the patient in that capacity, the matter is privileged, regardless of who employed him or how he came into the case."

Notwithstanding the foregoing, the decision of our Court of Appeals in De-wert v Cincinnati Milling Machine Co., 38 O. L. R., 318; 15 Abs 268, is cited as deciding that the physician employed by the company is not the physician of the employee. It is true that in the opinion in that case the court said that the physician was employed by the defendant and all he did was to render first aid to Dewert and that there was no contract, either express or implied, creating the relation of physician and patient between Dewert and the doctor. However, such statement was purely obiter dictum, because it is expressly stated:

"Moreover, the plaintiff offered himself as a witness and gave evidence and was cross-examined concerning his statements. This would constitute a waiver of any confidential relation, if any had existed."

With greatest deference to said opinion of the Court of Appeals, we believe that on further consideration and in view of the decisions to the contrary, if the matter were presented again to the Court of Appeals, the obiter dictum in the Dewert case would not be followed.

Counsel for the Industrial Commission insists that, without relying on the obiter dictum in Dewert v Cincinnati Milling Machine Company, the testimony of Dr. Schulze was properly admitted on behalf of defendant in presenting its defense, because the plaintiff in offering her case called Dr. Clark, who was decedent's physician after decedent left the plant of The Williamson Heater Company and had received first aid. Dr. Clark testified as to his treatment and diagnosis and communications made by deceased to him. It is claimed on behalf of defendant that this opened the door for the introduction of the testimony of Dr. Schulze. This phase of the case presents squarely the question whether, when an employee is treated by different doctors and the testimony of one favorable to him is presented, the evidence of one unfavorable to him is thereby made competent.

Sec. 11494 GC, with relation to the subject matter hereof reads as follows:

"The following persons shall not testify in certain respects:

"1. A physician, concerning communications made to him by his patient in that relation, or his advice to his patient. But the physician may testify by express consent of the patient; and if the patient voluntarily testifies, the physician may be compelled to testify on the same subject."

So extensive is the protection of the patient against an adverse party examining the patient's physician that in Ausdemmoore v Holzback, 89 Oh St 381, our Supreme Court laid down the rule that the mere exhibiting of the body of a patient to a doctor for examination is a "communication" within the provisions of §11494 GC. Such rule was announced without reference to or overruling a previous contrary decision in Metropolitan Life Insurance Co. v Howle, 68 Oh St 614.

Ausdemmoore v Holzback was applied in Industrial Commission v Belay, 127 Oh St 584, and was recognized as law in Industrial Commission v Warnke, 131 Oh St 140, at pages 152 and 155, 5 OO 505. Finally, the rule announced in the Ausdemmoore case is repeated as Syl-

labus 1 in the recent case of **Baker v Industrial Commission, 135 Oh St 491, 14 OO 392.**

In **Harpman v Devine, Recr., 133 Oh St 1, 9 OO 347,** the protection afforded the patient by §11494 GC was still further enlarged by the rule announced that where a patient voluntarily testifies as to his general physical condition, such testimony will not enlarge the term "subject" as used in §11494 GC, so as to permit a doctor to testify without the express consent of the patient concerning treatments for a specific ailment of the patient. Also, that merely answering questions as to treatments from physician in respone to questions on cross-examination, does not waive the privilege under §11494 GC.

An examination of the record and briefs in said case of Industrial Commission v Belay shows that the question presented in this case was involved and that the decision necessarily amounts to a declaration of the rule that the questioning of one physician by the patient does not open the door to the testimony of another physician of the patient.

In the Belay case the printed record shows that the plaintiff introduced the testimony of Dr. Oman (Record pp 37 to 47).

In presenting its defense the Industrial Commission offered the testimony of Dr. Neuberger, a physician of Belay, (Record p. 65, etc.) and the court sustained the objection on the ground of privilege under §11494 GC (Record p. 67).

In the brief for the claimant the argument was advanced that the rule announced in the Ausdemmoore case and §11494 GC conclusively prohibited and precluded the testimony of Dr. Neuberger. In approving such argument the Supreme Court necessarily held that the offering of the testimony of one doctor of a patient does not open the door to the introduction of the testimony of another doctor of such patient.

We are therefore of the opinion that the decision in the Belay case is controlling and that the testimony of Dr. Schulze was improperly admitted.

It follows from the foregoing that the motion for a new trial will be granted.