### WARN et v WHIPPLE et

Ohio Appeals, 6th Dist, Lucas Co

No 2696. Decided Dec 12, 1932

G. A. Bassett, Toledo, Fraser, Hiett, Wall & Effler, Toledo, and Hunt & Stickney, Toledo, for plaintiffs in error.

DeWitt Fisher, Toledo, Cornell Schreiber, Toledo, and A. J. Kranz, Toledo, for defendants in error.

LLOYD, J.

It is contended that the trial judge erred in giving to the jury before argument written instructions numbers 1 and 2, asked by the plaintiff in the trial court, and also in his general charge to the jury on the same subject covered by these requests to charge. The two instructions requested by plaintiff are not dissimilar in any material respect. No. 2 reads as follows:

"The court instructs the jury that if they believe from the evidence that the decedent, Abbie Whipple, was at the time of the alleged execution of the said paper laboring under a delusion or delusions of the mind on any subject or subjects, or with respect to any person or persons, and that said paper was the result in whole or in part of any such delusion or delusions, then said paper is void, and the jury will so find, although they may believe from the evidence that the mind of Abbie Whipple was sound on all other subjects."

We think that the above instruction is an inaccurate statement of the law. It is only an insane delusion and one which affects the provisions of a will that justifies a verdict and judgment setting aside the instrument as not being the will of the testator. It was so decided by the Circuit Court in this district in the case of Moore v Caldwell, 6 C.C. (N.S.), 484. This decision has been adhered to by this court, notably in the case of Schoenberger v Weber, 10 Court of Appeals Opinions, unreported, p. 223, in an opinion written by Judge Kinkade.

In Johnson v Johnson, 121 Am. St. Rep., 570, 573; 105 Md., 81, the court, in announcing the opinion, used the following language:

"The subject of delusion has been·under consideration in a multitude of cases both in this country and in England, and it has been uniformly held that to avoid a will upon that ground the delusion must be an insane delusion, and that the will was the product of that delusion."

The statement that it has been uniformly so held is perhaps a trifle too broad, in view of the decision in Hitt v Terry, 92 Miss., 671, where instruction No. 20 asked by the contestant in that case was given, although it omitted the word "insane". That instruction is quoted in Branson's Instructions to Juries. However, the syllabi in that case do not mention instruction No. 20, nor is it discussed in the opinion of the court further than to say that the instruction was of no value one way or the other in the case and could in no possible way have influenced the jury. That being the state of the record in the case mentioned, the instruction would not have required a reversal, even though erroneous. The case, therefore, is not an approval of the contention that a delusion, even though not an insane delusion, could properly be given to the jury in a charge as justifying the setting aside of a will, even if it entered into the making of the will.

The subject is elucidated in 28 R.C.L., 102, and the conclusion reached under the authorities that to avoid a will because the testator entertained a delusion, the delusion must be an insane delusion.

If plaintiff's instructions numbered 1 and 2 constituted all that was said on the subject of delusions, this court would be required to reverse the judgment for prejudicial error in giving them, but requested instruction No. 7 of defendants contained identically the same infirmity as requests numbered 1 and 2 of plaintiff, and it is now contended by plaintiff that, having also requested the court to so charge the jury on this subject, and the court having complied therewith, the defendants can not now

be heard to complain of the giving of plaintiff's requests Nos. 1 and 2. The trial judge did give the defendant's request No. 7 and plaintiff excepted thereto, but after giving it, and after instructions numbered 1 and 2 requested by plaintiff had also been given and excepted to by defendants, the court, without request of or suggestion by anybody, said to the jury:

"Ladies and gentlemen, as I read over request No. 7 I notice a statement which I want to correct. As I read it over before, it read, "To void a will it is not enough that a delusion may exist in the mind of the testator. Its connection with the testator's will must be made manifest and show, by a preponderance of the evidence, to have influenced its provisions, before the will can be set aside, and declared void by reason of such delusion." I think that the statement "be made manifest" ought not to be in that request and I want now to re-read it, having withdrawn that statement from the request. So that request No. 7, you will understand that as I now read it is the law."

He then re-read to the jury defendants' request No. 7, omitting therefrom the words "be made manifest and." Without anything further being said or done by judge or by counsel with respect to this requested charge thus changed and given, and without objection or exception thereto, counsel proceeded with their arguments to the jury, which was followed in due course by the general charge of the court. If it be said that the omission of these four words from the instruction as requested did not materially affect the principle of law therein announced, the answer would seem to be that if the law stated in the instruction were correct, the change would be unimportant, and not reversible error, because whether requested by one of the parties or voluntarily given by the court, the instruction as given would be correct.

A trial judge has no right of his own volition to change the context of any written pre-argument request to charge. It is his duty to give or reject it in the form presented by counsel, counsel being privileged to change its wording before given, or after it is given if seemingly erroneous, to request its withdrawal or its correction in the desired respects. And likewise, the trial judge, after giving it, may withdraw it from the jury if he determines that it erroneously states the law. By voluntarily changing this request and giving it in its changed form the trial judge made it his own. The law on this subject was also similarly erroneously stated in the general charge. To the general charge counsel for defendants excepted generally. The real and sole issue, as shown by the evidence, bearing upon the validity of the will of Mrs. Whipple, was whether or not at the time of its execution she was suffering from insane delusions which constituted mental incapacity to make a will, and it was the duty of the court to state the law correctly with respect thereto, and since the error was one of commission instead of omission, counsel were not required to request a correction thereof in order to preserve exceptions.

Defendants' requested instruction No. 7 having been changed by the court and as changed adopted as the law on this subject, and his general charge and the requested instructions of the plaintiff, numbered 1 and 2, presenting the same error, the exceptions of defendants to plaintiff's requests numbered 1 and 2, in conjunction with their exceptions to the general charge, preserve their exceptions to the error complained of, and therefore, the giving of plaintiff's requested instructions numbered 1 and 2 and the independent instructions of the court on this subject, constitute prejudicial error. Presumably the jury followed and applied the instructions as to the law given by the court. The consequent verdict, founded as we must assume it was on the erroneous premise thus stated, would not express substantial justice as between the parties and must be held to be manifestly against the weight of the evidence.

The judgment of the Court of Common Pleas is reversed and the cause remanded for a new trial.

Reversed and remanded.

WILLIAMS, J, concurs.

RICHARDS, J, concurring.

I concur in the judgment of reversal and with what is said in the opinion, except that in my judgment defendants below led the court into the error of giving plaintiff's instructions numbered 1 and 2 by themselves requesting the trial court to charge the same way, and therefore they can not avail themselves of the error committed in giving instructions numbered 1 and 2 as a ground of reversal.