## GEHRUNG v COLLISTER et
## STANKWITZ et v COLLISTER et

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 15052, 15058, 15083, 15053, 15057, 15082

Decided March 10, 1936

Davies & Eshner, Cleveland, for plaintiffs.

Frank T. Cullitan, Cleveland, Margaret R. Lawrence, Cleveland, and R. A. Baskin, Cleveland, for defendants.

## OPINION

By BLOSSER, J.

The rights of the plaintiffs are fixed as of the date on which they obtained title to their property. The determination of these cases therefore rests very largely upon an interpretation of §8572-56 GC. That section at the time of the assessments provided as follows:

"NOTICE AND LIST OF LANDS ASSESSED MUST BE FILED WITH RECORDER. When in a city, village, township or county, an ordinance, resolution or order is passed or made by a council, board or other authority, to lay out, establish, alter, widen, grade, regrade, relocate or construct, or repair a highway, road, street, sidewalk, drain or sewer, or to make any other public improvement, or to do any work, the whole or a portion of the expense of which may be assessed or levied upon real estate, if any registered land or any land included in an application for registration then pending is affected by the act or proceeding, and liable to such assessment, or if an ordinance or resolution is passed making or levying any such assessment on registered real estate or certifying to the auditor or other officer or board any such assessment to be made or levied on any registered land, the clerk of the board or council passing such ordinance, resolution or order or issuing such certificate. shall file in the recorder's office a notice of the passage or issuance thereof giving a list of the lands assessed, or to be assessed and a memorial thereof shall thereupon be noted by the recorder on the register of each certificate of title for such land Unless there is filed with the recorder such notice and list of lands, registered lands shall not be liable for such assessments. In case of the repeal or nullification otherwise of such ordinance, resolution or order such clerk or officer or board shall within five days thereafter notify the recorder thereof who shall thereupon cancel such memorials."

The notice and list of lands assessed were not filed by the clerk of the council when the legislation was passed by the village but six or seven years after that time the clerk attempted to file the same with the county recorder, who refused to file the same. An appeal was taken by the village from the action of the recorder in refusing the filing of the same and is now pending in the Court of Common Pleas.

Counsel for the village claim that it makes no difference when the notice and list of lands assessed are filed, that the statute does not specifically provide any limitation as to time. The statute provides that when the ordinance or resolution is passed the clerk shall do the acts provided. The word "when" is defined in Webster's Dictionary as "at what time; at the time that." Bouvier's Law Dictionary says "when" means "at which time; at that time." In the case of City v Withams, (Mo.) 3 SW 395, 397, it is said:

"The ordinary meaning of the adverb 'when' is at the time that."

Giving the word "when" its ordinary meaning, this statute must be construed so that it became the duty of the clerk to file in the recorder's office the notice and list of lands at the time of the passage of the legislation or at least within a reasonable time thereafter. These acts were not performed by the clerk at the time required by the statute and we have no hesitancy in saying that they were not performed within a reasonable time thereafter.

The purpose of the Torrens Act is to create a conclusive presumption that the certificate of registration in the recorder's office shows the exact status of the title to real estate. The power and authority of a municipality to levy and collect assessments is statutory and the duties imposed on the clerk to file the notice and list of lands with the county recorder is mandatory. If the law is not complied with, the purpose of the act is defeated. If the duties which the statute imposes are to be disregarded then the object of the Torrens Act is defeated. The force and effect of the failure to comply with the mandatory provisions of the law in question are apparent, when we consider that part of §8572-56 GC which provides that

"Unless there is filed with the recorder such notice and list of lands, registered lands shall not be liable for such assessments."

This provision fixes a penalty for failure to comply with the terms of the act and we think is conclusive.

An injunction will be granted as prayed for in the petitions. Decree for plaintiffs.

MIDDLETON and McCURDY, JJ, concur.