**BROAD COLUMBUS CORP v BOYLE et**

Ohio Common Pleas, Cuyahoga Co

Decided June 3, 1938

H. A. Blachman, Cleveland, for plaintiff.
Lester L. Yoder, Cleveland, Wilt & Yoder, Cleveland, for City of Bedford; Frank T. Cullitan, Pros. Atty., Cleveland, Margaret R Lawrence, Asst. Pros. Atty., Cleveland, for John J. Boyle, county treasurer et al.

**OPINION**

By KRAMER, J.

This is an action against the county treasurer and county auditor and the city of Bedford, to enjoin these defendants from seeking to collect certain assessments appearing upon the auditor's records against the property of the plaintiff herein and the cancellation of such assessments of record.

The facts herein are not in dispute. It appears that the lands involved are registered under the Torrens Land Registration Act; that the city of Bedford, defendant, by proper proceedings passed legislation for certain special improvements which resulted in the levy of assessments for payment therefor against the lands of the plaintiff, and appear upon the tax duplicate of Cuyahoga county as a lien or charge against such land, and that the county treasurer will proceed to collect the said assessments; that the village failed to file with the county recorder the notice required by §8752-56, GC, essential to make such assessments valid against Torrenized land, and that such assessments do not appear upon the Torrens registration certificates.

There is no controversy that upon this statement of facts it is the law that these assessments are invalid, and do not constitute a lien upon this property. **Laurel Hill Land Co. v Collister, 43 Oh Ap 229, (13 Abs 461; Gehring v Collister, 52 Oh Ap 314, (21 Abs 383) 5 O.O., 195, Curry v Lybarger, 133 Oh St 55, 10 O.O., 61.**

The case is submitted to the court only upon the claim of the defendant the city of Bedford, that by reason of the statute of limitations, the plaintiff is entitled to relief only against those assessments which became payable subsequent to August 21, 1932, and that it is not entitled to relief against the assessments which became due prior to this date, which is more than four years before the filing of this action.

The claim of the defendant is this: It

has of record an apparent lien against the property of the plaintiff which is of no legal effect whatsoever. Such lien is void, unenforceable ond uncollectable. This defendant contends, however, that by reason of the Statute of Limitations (§11224, GC) the court may not inquire into the facts which would disclose this situation and grant a remedy. If this contention be sound then the title to this property must continue to be clouded with the lien, if such lien is a cloud, for which it has already been determined it is not liable. (**Curry v Lybarger, 133 Oh St 55, 10 O.O. 61.**) This propositiin appears tenable upon its face due to the form of this action. The plaintiff seeking injunction and cancellation has an action affirmative in form and thus apparently one against which the statute of limitations may be raised as a defense. In substance, however, this is an action in the nature of one to quiet title. Were it brought in the form of such action the defendants would be required to set up their lien affirmatively and the question of the statute of limitations could not arise.

This follows, first, because the statute of limitations does not run against an action to quiet title, (33 **Oh Jur. 921**, §112); and, second, because it does not run against the defense of the plaintiff that the alleged lien is invalid. The statute of limitations does not run against defenses. **Nasby Building v Wallditch, 6 Oh Ap 104; 17 R. C. L.** page 745, Sec. 112; Hart v Church, 126 Cal. 471; Butler v Carpenter, 163 Mo. 597. No matter how long a time might elapse, if it were attempted at any time to foreclose this lien or enforce its payment, the defense that it was void would always be good.

The court considers that it is not bound by the form of the action and that where it appears that a lien has been illegally recorded an action to have that lien cancelled of record is defensive in its nature. The plaintiff cannot compel the bringing of an action permitting him to set up the invalidity of this recorded lien. It is doubtful even whether an action to quiet title would lie, because technically, this lien constitutes no cloud upon plaintiff's Torrens title. The plaintiff appears to be relegated to this form of action to bring the defendants into court to show cause why it should not be granted the relief prayed for. The statute of limitations in this case is sought to be invoked affirmatively as a sword, as it is sometimes put, by the defendants to impose upon the plaintiff an obligation which is without foundation in law, and not as a shield to protect themselves against a claim of the plaintiff against them.

The court is of the opinion that the plea of the statute of limitations herein made cannot prevail as a defense to the relief sought by the plaintiff.

The court passes upon this question first, because it is the proposition emphasized by the briefs of counsel. Another and more fundamental ground for determining the question presented is that in the court's opinion, the statute of limitations cannot be invoked where the land in question is Torrenized land and where the effect of the statute would be to establish a lien against such land outside of the Torrens record.

The purpose of the Torrens Act is to set up a record of title and liens upon registered lands outside of which anyone dealing with that land need not go to determine the exact state of the title and the liens and encumbrances against it. The act seems to be exceptionally well drawn and it is difficult to conceive of words more apt in the various sections to express their obvious purport. If the Torrens record shows no lien and it should be held that by the operation of various statutes of limitation the land was in fact subject to liens and encumbrances, the Torrens registry would be more a trap than a protection. The contention that it is inequitable to permit land owners to enjoy the fruits of the improvement and not pay for them may be quite true, but has no force as argument. Of course failure to comply with the Torrens Law will cut off equities; that is its fundamental purpose. The same is true of any law requiring certain acts to be performed within certain times, to preserve existing rights and equities. To modify statutes in cases where equity seems to warrant, to relieve delinquent suitors of the consequences of their failure to observe the law, results only in a judicial repeal of a law which is still as desirable as at the time of its enactment.

**Sec 8572-56, GC** provides that "***** unless there is filed with the recorder ***** registered lands shall not be liable for such assessments. This court simply holds that this section means what it says. This opinion is in accord with the ex-

pression of our Supreme Court in the case of Curry v Lybarger, 133 Oh St 55, 10 O.O. 61;

"The purpose of the so-called Torrens system is interesting and important. It has thus been stated in 5 Thompson on Real Property 192, §4154:

"The objects of the system are the creation of an indefeasible title in the registered owner, simplification in the transfer of land, certainty and facility in the proof of title by reference to a certificate issued by a government official made conclusive by law and finally the saving to the community of the cost of a new examination of title in connection with each transfer or transaction affecting the land. * * * 'One of the primary and fundamental purposes of the registration of land under the Torrens system is to secure to the owner an absolute, indefeasible title, free from all incumbrances and claims whatsoever, except those mentioned in the certificate of title; and, so far as it is possible, to make the certificate issued to the owner by the court, absolute proof of such title.' "

"A very concise and pertinent statement of the purposes of the system is that of the Supreme Court of Washington in the case of Brace v Superior Land Co., 65 Wash., 681, 688, 118 P., 910, which is as follows:

"'Our construction of this section is in keeping with the obvious purpose of the Torrens Act to create an absolute presumption that the certificate of registration in the registrar's office at all times speaks the last word as to the title, thus doing away with secret liens and hidden equities. This is accomplished by the simple plan of making the act of conveyance and the fact of notice by record simultaneous in performance and effect. The Torrens system makes this simultaneous quality inevitable by making both conveyance and notice of record performable, and performable only, by the one act of registration. This is the distinctive feature, the vital principle of the Torrens system. It is the very essence of the plan. For the courts to refuse to recognize and enforce it would be to emasculate the law and, by construction, make it not the Torrens system of land titles, but a mere change in the form of the record, a mere modification of the recording act.'

"The Torrens Act, therefore, cannot be treated as a mere modification of the recording act. Among other things, it speci-

fies the procedure essential to the vesting of assessment liens upon registered land, and in that respect the language employed is clear and mandatory. The authority to levy special assessments is conferred only by statute, and the validity of such assessments is conditioned upon compliance with the requirements of those statutory provisions. Additional requirements are prescribed by the provisions of the Torrens Act and made prerequisite to a valid imposition of such lien upon registered land.

"It is fundamental that all statutes imposing taxes and public burdens of that nature are to be strictly construed and any doubt as to construction or effect must be resolved in favor of those on whom the burden is sought to be imposed. *** **

"* ** *** A fundamental principle of statutory construction requires that statutes be given a fair and reasonable construction in conformity to their general object in order to effectuate the purpose of their enactment; and here it is expressly provided that the act be construed liberally for the purpose of effecting its general intent."

The decision in that case is upon the question of the time within which notice of the passage of assessments ordinances must be filed under §8572-56 GC, but the opinion applies equally to any claim which is sought to be imposed upon Torrenized land which does not appear upon the Torrens registration certificate by reason of failure to comply with the provisions of the Torrens Act.

The court is therefore of the opinion that the defense herein based upon the statute of limitations is not good and that the plaintiff is entitled to the relief sought.

Decree for plaintiff O. S. J.