McVay, Appellee, v. Travelers Insurance Co., Appellant.

(No. 11105—Decided June 8, 1970.)

*Messrs. White & Getgey,* for appellee.
*Messrs. Barbour, Kimpel & Allen,* for appellant.

Shannon, P. J. This is an appeal from a judgment of the Court of Common Pleas of Hamilton County entered on the verdict of a jury.

In his petition, plaintiff, appellee herein, claimed that defendant, appellant herein, is an insurance company which issued a policy providing that benefits would be paid for disability due to "injuries." Further, he alleged that on December 3, 1965, while lifting a crate in the course of his employment as a baggage and mail handler-checker, a handle gripped by a fellow employee broke causing the weight to be shifted, placing so severe a strain upon plaintiff that he sustained a "dissecting aneurysm of the aorta producing an acute posterior myocardial infarction" resulting in permanent disability. Plaintiff's prayer was for payment of permanent disability benefits according to the contract of insurance.

In its answer, defendant denied generally and specifically that the plaintiff sustained the injury claimed, denied that he was permanently disabled within the terms of the

policy and asserted that any disability was due to a myocardial infarction sustained subsequent to December 3, 1965.

Upon trial, plaintiff produced evidence tending to prove that the weight of a load being partially lifted by him suddenly shifted and subsequently certain symptoms appeared for which he was sent to a hospital. The diagnosis was that he had suffered a posterior myocardial infarction and for this he was given treatment. A physician who treated plaintiff testified that he had suffered a "dissecting aneurysm at the time of lifting, and this was a precipitating event to the myocardial infarction" and that the alleged severe strain was causally related thereto.

The defendant introduced evidence in support of its argument. The plaintiff's supervisor at the time of the alleged incident stated that there was no sudden drop of the load and that he had not observed any signs of physical distress upon plaintiff after the crate was moved. A physician called as a defense witness disputed plaintiff's claim that he had sustained a dissecting aneurysm and opined that plaintiff's heart was diseased prior to the time of the claimed injury to it.

Special instructions were submitted by both parties and given to the jury. It was stipulated by both parties that if the jury should return a verdict for the plaintiff the amount of damages should be $8,200.

After submission of the case to the jury, a question was submitted by the foreman to the court which reads:

"1. As to how specifically we are to follow the instructions; 2. specific instructions 1 and 7, we are unclear as to their meaning. Is there a conflict?"

The trial judge responded to the inquiry and this colloquy appears in the record:

"The Court: Then, if I explain them a little, that will be sufficient for you to go back to work with?

"The Foreman: Yes, sir, I think so.

"The Court: On your Number 1, the important part of that is that if, as a result of an accident that occurred, he was required to exert extra-ordinary strain, and because

of that, he had a heart attack which caused him his disability, then your verdict should be for the plaintiff, provided that he has proven that by a preponderance of the evidence.

"Number 7 merely means that he has the burden of proving by a preponderance of the evidence that as a direct and proximate result of this severe strain placed upon him by the accidental shifting of a crate and its contents, he sustained a heart attack that has caused his disability, then your verdict should be for the plaintiff. If he fails to prove that by a preponderance of the evidence, your verdict should be for the defendant.

"I will give an exception to both attorneys for my changing their written instructions.

"Let me see if this will help you. First, it's the burden, the burden of proof in this matter is on the plaintiff to prove by a preponderance of the evidence that as a result of an accidental occurrence, he suffered a heart attack which causes his disability. If he has failed to prove that preponderance of the evidence, your verdict should be for the defendant. If he has proven it by a preponderance of the evidence, your verdict should be for the plaintiff."

Three errors are assigned by defendant. (1) The court refused to grant its motion for a directed verdict at the close of all the evidence; (2) the court erred in giving special charge number one; and (3) the court erred in giving special charge number two. However our decision is based on other grounds.

The question which we believe to be primary is as follows. Did the court commit error prejudicial to defendant in answering the jury's queries?

Generally it is the duty of the trial court, in giving written requests before argument, to give them without change or modification. See 53 Ohio Jurisprudence 2d, Trial, Section 238. Consequently, modification or qualification of special charges is usually, if not always, regarded as error. See 4 Ohio Jurisprudence 2d, Appellate Review, Section 1064.

In 1901, the First Circuit Court of Ohio, considered

the application of R. S. 5190 (a predecessor of R. C. 2315.-01) in deciding *Rupp* v. *Shaffer, Adm'r.*, 21 C. C. 643. Paragraph two of the syllabus in that case states:

"A trial court having given special written instructions to the jury before argument, under R. S. 5190, par. 5, is not precluded from treating of the same subjects in its general charge, but it is error for the court having read such charge to proceed at length to orally qualify, amplify and explain the same contrary to the provision of par. 7 of same section."

Paragraph two of the syllabus in *Hatter* v. *McMunn*, 18 Ohio Law Abs. 601 declares:

"A comment by the court just following the giving of a requested instruction, that he would 'explain that just a little later' is not prejudicial where it does *not modify, qualify, or explain the request,* and in view of the fact that the court may in its general charge explain or enlarge upon a requested instruction before argument." (Emphasis ours.)

In *Swing* v. *Rose,* 75 Ohio State 355, the Supreme Court disapproved of a trial court's modification of written instructions, observing the following at page 369 of the opinion: "Was the proposition before the modification sound law? If so, it should have been given before argument. If not sound, it should have been rejected."

Paragraph three in the syllabus of *Warn* v. *Whipple,* 13 Ohio Law Abs. 461, states:

"A trial judge has no right, on his own volition, to change the context of any written pre-argument request to charge, but must give or reject it in the form presented by counsel, though he may after giving such charge, withdraw it from the jury if he determines that it states the law erroneously."

In the case at bar, the court's comments both change and explain special charges numbered one and seven and, therefore, constitute error. We next must ask ourselves whether such error was prejudicial, recognizing the concept that the trial court's qualification might not constitute a ground for reversal where the comment is upon in-

structions asked by the prevailing party. 4 Ohio Jurisprudence 2d, Appellate Review, Section 1065.

The record before us is silent upon the aspect of the problem broached immediately above and we are unable to state which party offered which special charge. Being unwilling and, perhaps, powerless to speculate upon the matter, we conclude that the issue here must be resolved without reference to the identity of the party offering the charges. We bulwark our conclusion that the change and explanation of the charges constitute error justifying reversal by adding the following ground.

The occurrence of the alleged incident that produced a severe strain was made a fundamental issue in the case both by the pleadings and the evidence and presented a jury question. The comments made below are susceptible to an interpretation that the court was instructing the jury that the "accident" had occurred and the plaintiff had "a severe strain placed upon him by the accidental shifting of a crate and its contents." Such instruction in the premises here is clearly erroneous and prejudicial to defendant regardless of which party had requested special charges numbered one and seven.

Accordingly, the judgment of the Court of Common Pleas is reversed and the cause remanded for a new trial.

*Judgment reversed.*

SHANNON, P. J., and HESS, J., concur.
HILDEBRANT, J., not participating.